(Continued from Page 763)

#### No. 995

#### HUTSON v. BRIGGS

#### No. 19410. Supreme Court

On motion to certify. Dock. Nov. 10, 1925; 3 Abs. 722.

647. BILLS AND NOTES—In an action to vacate cognovit judgments on the ground that a son had signed his father's name to the notes without authority, must verbal authority for the son to sign his father's name be proved by "clear and convincing" evidence?

Rufus Hutson, his wife Emma and his son Frank filed five suits to vacate cognovit judgments rendered in the Fayette Common Pleas by virtue of several promissory notes upon which their names appeared as makers. It was established by the evidence that a son of Hutson had signed the names which appeared on the notes and his claim that the son was without authority to sign their names to notes.

The judgments were vacated by the Court of Common Pleas and the case was appealed to the Court of Appeals which affirmed the trial court as to Emma Hutson and Frank Hutson but reversed the trial court as to Rufus Hutson. The court based its decision upon the holding that a verbal authorization for one to sign another's name to notes must be proved by "clear and convincing evidence." The following is a quotation from the court's opinion:

"Homer Hutson, who was the principal debtor upon all these notes and who actually attached the signatures in question testified by way of deposition. He states that he had general authority to sign his father's name whenever necessary. This testimony, if true, would sustain the genuiness of the notes as to Rufus W. Hutson. The defendants introduce a number of witnesses who testify to admission by Rufus W. Hutson that he had given his son Homer authority to sign his name to promissory notes. All these dove tails with the admitted facts that Rufus Hutson stayed one judgment, paid the Stewart and Martin note and interest without question as to genuineness."

"Without going into detail as to the testimony offered, we have reached the conclusion that there is sufficient evidence to support the finding that Rufus W. Hutson had given his son Homer general authority to sign his name to promissory notes issued by the said Homer Hutson as principal."

Hutson, in the Supreme Court, contends that:

1. There is not sufficient evidence to support the finding that he authorized his son Homer to sign these notes.

2. The agreement of Rufus Hutson to give his son the privilege of using his name is within the Statute of Frauds.

3. There is no evidence that Rufus Hutson authorized his son to execute warrants of attorney.

4. The cognovit judgments are void. The court had no jurisdiction to render them. The judgments and procedure prior thereto were irregular.

Attorneys:—Vorys, Sater, Seymour and Pease, Columbus; John Phillips, Chillicothe, and John Logan, Washington C. H., for Hutson; Badger and Cowan and C. J. Pretzman, Columbus, for Briggs.